**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5088**

───────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

AIAH MOMOI GBONDO,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   Peter J. Messitte, Senior District Judge.  (8:06-cr-00235-PJM-1)

───────────

Submitted:  October 18, 2010        Decided:  November 5, 2010

───────────

Before MOTZ, KING, and AGEE, Circuit Judges.

───────────

Dismissed in part; affirmed in part by unpublished per curiam opinion.

───────────

Steven G. Berry, Bethesda, Maryland, for Appellant.   James Andrew Crowell, IV, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aiah Momoi Gbondo pled guilty, pursuant to a written plea agreement, to one count of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2006), and one count of aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2006). The district court calculated Gbondo's total offense level under the U.S. Sentencing Guidelines Manual ("USSG") (2006) at nineteen and his criminal history in Category I, resulting in a Guidelines imprisonment range of thirty to thirty-seven months' imprisonment on the bank fraud count. Gbondo was also subject to a statutorily-mandated consecutive sentence of two years' imprisonment on the identity theft count. The district court sentenced Gbondo to thirty-seven months' imprisonment on the bank fraud count and a consecutive sentence of two years' imprisonment on the identity theft count.

On appeal, Gbondo's counsel has filed an Anders[1] brief, stating that there are no viable grounds for appeal, but questioning whether: Gbondo's appeal waiver is valid and enforceable; the evidence is sufficient to support Gbondo's convictions; the convictions should be overturned as a result of entrapment and a questionable search warrant; trial counsel

---

[1] Anders v. California, 386 U.S. 738 (1967).

rendered ineffective assistance; and Gbondo's sentence is unreasonable. The Government has moved to dismiss the appeal in part based on Gbondo's waiver of appellate rights and in part based on the lack of merit in the unwaived issues. Gbondo has filed a pro se supplemental brief in which he questions whether the district court erred in accepting his guilty plea and whether trial counsel rendered ineffective assistance. We dismiss in part and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Gbondo knowingly and voluntarily waived the right to appeal his sentence. We therefore grant the Government's motion to dismiss in part and dismiss the appeal of Gbondo's sentence. Although

Gbondo's appeal waiver insulates his sentence from appellate review, the waiver does not preclude our consideration of the remaining claims Gbondo's counsel[2] and Gbondo raise on appeal or prohibit our review of Gbondo's conviction pursuant to Anders. Consequently, we deny the motion to dismiss in part.

Turning, then, to the unwaived claims, because Gbondo did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Gbondo's guilty plea and that the court's omissions did not affect Gbondo's substantial rights. Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Gbondo entered the plea knowingly and voluntarily with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Gbondo's guilty plea.

---

[2] The Government moves to dismiss the claims raised by counsel as meritless. This constitutes, in effect, a motion for summary affirmance of the unwaived claims. This court reserves such a motion for extraordinary circumstances not present here. 4th Cir. R. 27(f).

Additionally, Gbondo's knowing and voluntary guilty plea constitutes an admission of the material elements of the offenses, see McCarthy v. United States, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, see Tollett v. Henderson, 411 U.S. 258, 267 (1973). Furthermore, Gbondo's guilty plea waives his right to contest the factual merits of the offenses. United States v. Willis, 992 F.2d 489, 490-91 (4th Cir. 1993).

Finally, as to counsel's and Gbondo's claims that trial counsel rendered ineffective assistance, these claims are more appropriately raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), unless counsel's ineffectiveness conclusively appears on the record. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider these claims on direct appeal.

In accordance with Anders, we have reviewed the remainder of the record in this case and have found no meritorious issues for review. We therefore affirm Gbondo's convictions and dismiss the appeal of his sentence. This court requires that counsel inform Gbondo, in writing, of the right to petition the Supreme Court of the United States for further review. If Gbondo requests that a petition be filed, but

5

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gbondo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>